W. A. Robinson, Inc. *vs.* Trawler Leretha, Inc.

Bristol.    April 5, 1954. — June 9, 1954.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Receiver.    Insolvency.    United States.    Bankruptcy,* Act of bankruptcy.

The appointment by a court of equity of a receiver to take charge of all
the property of an insolvent corporation was, under U. S. C. (1946 ed.)
Title 11, § 21 (a) (5), an act of bankruptcy on the part of the corpora-
tion making applicable Title 31, § 191, to give a claim of the United
States for taxes priority over a claim of the Commonwealth for employ-
ment security contributions.

Bill in equity for a receiver, filed in the Superior Court
on April 3, 1947.

A receiver was appointed.    A decree ordering a payment
to be made to the United States, as described in the opinion,
was entered by order of *Kirk,* J.

*George Fingold,* Attorney General, & *Stephen F. LoPiano,
Jr.,* Assistant Attorney General, for the director of the divi-
sion of employment security, submitted a brief.

*Francis J. DiMento,* Assistant United States Attorney,
(*John M. Doukas,* Special Assistant to Regional Counsel,
Internal Revenue Service, with him,) for the United States.

Counihan, J.    This case comes here upon an appeal from
and exceptions to the entry of a decree in proceedings aris-
ing out of a bill for a receivership brought by a judgment
creditor against a debtor corporation, Trawler Leretha, Inc.
G. L. (Ter. Ed.) c. 156, § 51.

The bill alleged that the plaintiff recovered judgment
against the debtor and that it had neglected for thirty days
after demand on execution to pay the amount due with
officer's fees or to exhibit to the officer real or personal
property belonging to it and subject to be taken on execution
sufficient to satisfy the same.    The bill sought the appoint-

ment of a receiver. A decree was entered, the debtor although duly served not being represented, appointing a receiver of the estate, property, money, debts, and effects of every kind and nature of or belonging to the debtor, and the receiver was directed to collect, get in, and take charge of all and singular thereof, and to hold the same subject to the order of the court.

Subsequently the receiver filed a report, an account, and a request that he be authorized to pay the balance of the receivership assets to the United States of America for tax claims. In his report he recommended for allowance these claims of the United States for taxes and also a claim of the Commonwealth of Massachusetts through the division of employment security for contributions from the debtor as an employer. This report in substance was allowed by the court. A decree was entered allowing payment of expenses and fees of the receiver and directing that a balance of $716.93, which was insufficient to pay both of these claims, be turned over to the clerk of courts for the county of Bristol to be held by him until further order of the court determining the question of priority of the United States for tax claims over the priority of the Commonwealth for payments due it.

Subsequently on motion of the United States the judge made the following order for a decree: "It appearing from an examination of the records that the defendant corporation was insolvent, in the sense that its property was, as of the time of the appointment of the receiver, insufficient to pay its debts, the motion of the United States of America that the clerk, Charles E. Harrington, Esquire, be ordered to pay to it the sum of $716.93 is allowed. Let a decree enter accordingly." On the same day a decree was entered ordering the clerk of courts to pay the United States the said sum of $716.93 by check to the order of the collector of internal revenue for the district of Massachusetts. The Commonwealth appealed from and excepted to the entry of this decree.

There was no error.

The only question to be decided is whether the United

States or the Commonwealth is entitled to this money. The applicable statutes appear in the margin.[1]

The Commonwealth does not argue that it is incompetent for the United States to provide by statute that debts due it shall have priority as provided in U. S. C. (1946 ed.) Title 31, § 191 (U. S. Rev. Sts. § 3466, Act of March 3, 1797), but it asserts that former § 3466 is not applicable for the reason that no act of bankruptcy was committed by the debtor. It appears that years ago this court did decide that insolvency of itself, in circumstances similar to those existing here, did not give the United States the priority it sought under former § 3466. *Commonwealth* v. *Phoenix Bank*, 11 Met. 129, 147–156. *United States* v. *Commissioner of Banks*, 254 Mass. 173, 177–179.

The present basic bankruptcy act is that of 1898. Until 1903 the judicial appointment of a receiver was not considered as an act of bankruptcy except by a small minority which held that such a receivership was the equivalent of a general assignment within the scope of the fourth act of bankruptcy or something which might amount to a transfer to hinder, delay, or defraud creditors and thus the commission of the first act of bankruptcy. Remington on Bankruptcy, § 156. By progressive amendments in 1903, 1926, and 1938 it is now provided in U. S. C. (1946 ed.) Title 11, § 21 (a), that "Acts of bankruptcy by a person shall consist of his having . . . (5) while insolvent or unable to pay his debts as they mature, procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver . . . to take charge of his [the debtor's] property."

---

[1] "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed." U. S. C. (1946 ed.) Title 31, § 191 (U. S. Rev. Sts. § 3466, Act of March 3, 1797).

"Contributions and interest thereon or penalties assessed in lieu thereof, shall have priority over all other claims against an employer, except wage claims." G. L. (Ter. Ed.) c. 151A, § 17, as appearing in St. 1941, c. 685, § 1.

We are of opinion that by reason of these amendments resulting in what now appears as Title 11, § 21 (a), the scope of former § 3466 has been extended. *Davis* v. *Michigan Trust Co.* 2 Fed. (2d) 194, 197.

The effect of this provision was to make the appointment of a receiver to take charge of the property of the debtor, voluntary or involuntary, when insolvent in either the bankruptcy sense or the equity sense, an act of bankruptcy. Here the judge in the order for the decree appealed from found that the debtor was insolvent in the sense that its property was insufficient to pay its debts when the receiver was appointed to take charge of all the property of the debtor. This in effect constituted a general receivership. *Standard Accident Ins. Co.* v. *E. T. Sheftall & Co.* 53 Fed. (2d) 40. *Otis Elevator Co.* v. *Monks,* 191 Fed. (2d) 1000. *United States* v. *Emory,* 314 U. S. 423, 426. *United States* v. *Texas,* 314 U. S. 480, 483. Compare *National Refining Co.* v. *Pennsylvania Petroleum Co.* 66 Fed. (2d) 914.

In these circumstances the claims of the United States were entitled to priority over the claim of the Commonwealth. *Illinois* v. *Campbell,* 329 U. S. 362, 367–370. *Massachusetts* v. *United States,* 333 U. S. 611, 617. (See footnote at pages 625–626 for a good collection of cases.)

*Exceptions overruled.*
*Decree affirmed.*